Dear Ms. Cooper:
Our office received an opinion request from you concerning the Boothville-Venice Volunteer Fire Department (Fire Department). You have provided us with a copy of the "Charter of Boothville-Venice Volunteer Fire Department" (Charter) and informed us that no by-laws have been adopted by the Fire Department. Your request letter outlines seven questions about the operation of the Fire Department.
As an initial matter it should be noted that our office has been informed that the Fire Department is funded by Plaquemines Parish Government (Parish); the Fire Department utilizes equipment owned by the Parish and operates out of a building owned by the Parish. You have indicated that the firefighters who currently serve the Fire Department are not paid. Chapter 4 of Title 33 of the Louisiana Revised Statutes contains provisions of the law relevant to fire and police departments. More particularly, Subpart A of Part II in Chapter 4, La.R.S. 33:1961 et seq., provides for the organization of fire departments. Consistent with La.R.S. 33:1961, this Subpart does not apply to a fire department that does not have any paid firemen within its department.[1] Therefore, *Page 2 
we proceed with this opinion using the provisions of the law relative to corporations, more specifically, non-profit corporations.
Your opinion request asks our office to address seven specific questions, each of which will be addressed in turn.
1. Should the Fire Department follow the Charter on file with the state and local clerk of court since no by-laws are adopted?
According to the Secretary of State, the Fire Department was incorporated as a nonprofit corporation on October 15, 1954, with the Charter serving as the articles of incorporation. You indicate that no by-laws have been adopted.[2] La.R.S. 12:222 provides that the members or the directors of a corporation may make, amend or repeal by-laws, to provide for the regulation and management of the affairs of the corporation, but does not mandate that a corporation adopt by-laws. Further, the by-laws may not be inconsistent with the articles of incorporation. La.R.S. 12:222(C).
To the extent that the Charter provides for the regulation and management of the affairs of the Fire Department, the Charter should be followed.
2. Should the adopted by-laws coincide with the Charter and not contradict what is written and registered and legally binding?
By the clear terms of La.R.S. 12:222(C), the by-laws may not be inconsistent with the law or the articles (or the Charter in this case). If there is a contradiction between the adopted by-laws and the Charter, the Charter would prevail. However, please note that the Fire Department has the ability to amend the articles of incorporation (or Charter). See La.R.S. 12:237. If the Fire Department wished to change some aspect of its Charter, the Board may amend the Charter, as provided for in La.R.S.12:237, and then adopt by-laws consistent with the amended Charter.[3]
3. Should the Board of Directors be constructed as stated in the registered charter, i.e., President, 1st Vice President, 2nd Vice President, 3rd Vice President, Recording Secretary, Treasurer and 4 Directors? *Page 3 
As stated above, any aspect of the Charter addressing the regulation and management of the Fire Department's affairs is binding on the Fire Department, and therefore the Fire Department must comply with the organizational structure of the officers and directors as described by the Charter. However, as mentioned above, if the Fire Department wishes to alter the organizational structure, the Board of Directors may amend the Charter.
4. Should elections be held on the last Thursday in July as stated in the registered charter?
Elections should be held as described in the Charter, although this may be amended. See the answer to Questions 2 and 3.
5. Do members voting have to be present at an election? May they cast votes by ballots handed in or by proxy?
The specific provisions of Article IV of the Charter require that members cast votes in person. Additionally, as we have been told the Fire Department is primarily funded with public money, serves a public purpose and renders a public service, it is a quasi-public body subject to the Open Meetings Laws at La.R.S. 42:4.1 et seq. See La. Atty. Gen. Op. Nos. 06-0171, 02-36, 91-162, 90-271, and 84-583. As such, the Fire Department is subject to the prohibition against proxy voting in La.R.S. 42:5(B).[4]
6. Does a person nominated by the members as "Fire Chief," a position not mentioned in the registered charter, when such person is not a member of the Board of Directors, have the authority to have his signature on the bank account and be allowed to spend funds without the consent of the members or Board of Directors? Does the "Fire Chief" have the authority to govern or exercise corporate powers of the Fire Department without the consent of the Board of Directors?
Article IV of the Charter provides that the officers and directors are vested with the powers of the Fire Department, and that the Board of Directors shall exercise all corporate powers:
All the Corporation [sic] powers of this Corporation shall be visited [sic] in and exercised by the Board of Directors consisting of nine persons. The officers of this Corporation shall be a President, First Vice-President, Second Vice-President, Third Vice-President, Recording Secretary and Treasurer. In addition to the officers there shall be four (4) directors and the director, together with the officers shall Constitute the board of Directors of this Corporation in whom shall be vested and who shall *Page 4 
exercise all of the corporate powers of this corporation; each of whom shall be a member in good standing during the time of his service upon said board; said board of directors shall be elected annually on the last Thursday in July of each year. All such elections shall be by ballot at the office of the Corporation under such rules and regulations as provided in the by-laws. Each member in good standing shall be entitled to one vote, to be cast in person. Failure to elect directors on the day specified shall not dissolve this Corporation, but the Directors then in office shall remain until their successors are duly elected and qualified. The Board of Directors shall have such authority as may be invested in them by the resolutions of the members convened in regular meetings for that purpose.
Your question specifically asks about the ability of someone who is not a member of the Board of Directors, yet nominated by the Board of Directors to serve as "Fire Chief" to spend funds or exercise corporate powers without the consent of the Board of Directors. It may depend on the authority granted to the Fire Chief by the Board of Directors when that individual was nominated for that position and approved by the Board of Directors to serve in this capacity, including what authority the Fire Chief has been permitted to exercise by the Board of Directors since becoming Fire Chief.
A well established principle in corporation law is that where a corporation entrusts an officer or director with management of the corporation's business, the corporation will not later be heard to deny the authority of that individual to act on behalf of the corporation.Ogden v. Culpepper, 474 So.2d 1346, 1352 (La.App. 2 Cir.,1985) (Referencing City Sav. Bank and Trust Co. v. Shreveport Brick Co., Inc.,172 La. 471, 134 So. 397 and Harris v. H.C. Talton Wholesale GroceryCo., Inc., 11 La.App. 331, 123 So. 480).
Therefore, although the Fire Chief is not an officer or director mentioned in the Charter, a majority of the Board agreed to this individual serving the Fire Department in some capacity. If we apply the above reasoning to this situation, where the Board of Directors has created a position and agreed on an individual to serve in this position, one should look to the degree to which the Fire Chief has been authorized and entrusted by the Board of Directors with the management of the affairs of the Fire Department, including the authority to expend funds, to determine the appropriate level of authority held by the Fire Chief. As we are not a fact-finding body, we provide the above to you as guidance in determining the appropriate authority of the Fire Chief. Additionally, we note that if the Board of Directors wishes to redefine the powers and authority of the Fire Chief, this could be accomplished by the affirmative vote of a majority of the Board of Directors at a meeting of the Board of Directors.
7. Does the present Board of Directors hold their position until elections are held on the legally listed election date? *Page 5 
The present members of the Board of Directors maintain membership so long as they remain members in good standing during the time of service on the Board. Further, Directors who are in good standing while holding office remain in office until their successors are duly elected and qualified. See Article IV of the Charter, reproduced above.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By: _________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB
[1] La.R.S. 33:1961 provides that "This Subpart applies to any paid fire department operated by a municipality which has a population of thirteen thousand or more and also to firemen paid by any parish or fire protection district."
[2] This office notes that we have been informed that the Fire Department has "Proposed By-laws," but you indicate that these by-laws have not yet been adopted.
[3] La.R.S. 12:237(B) provides: "If the articles do not stipulate a method of amendment, or do not stipulate in detail the procedure for amendment thereof, an amendment altering the articles may be adopted by two-thirds in interest of the voting members present, at any annual or special meeting of members the notice of which set forth the proposed amendment or a summary of the changes to be made thereby. For purposes of this Subsection, a majority of the members shall constitute a quorum and a quorum must be present at the meeting at which the amendment to the articles is to be considered. The notice of such meeting must be transmitted to the members not less than thirty days prior to the meeting."
See also La.R.S. 12:238 for filing requirements related to the amended articles of incorporation.
[4] La.R.S. 42:5(B) states that "[e]ach public body shall be prohibited from utilizing any manner of proxy voting procedure, secret balloting, or any other means to circumvent the intent of R.S. 42:4.1 through R.S.42:8."